IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**OLOPADE OLA OYEYEMI,**
**Agency No.: A-200-335-325,**

    Petitioner,

vs.                                             Case No. 4:11cv145-SPM/WCS

**ERIC H. HOLDER, JR., et al.,**

    Respondents.

_____/


## REPORT AND RECOMMENDATION

The *pro se* Petitioner filed a petition for writ of habeas corpus under § 2241, doc. 1, and Respondents filed a response to the petition on June 15, 2011.  Doc. 23. Petitioner has filed a reply, doc. 26, and a notice of change of address, doc. 24.[1]

In the petition, doc. 1, Petitioner alleges that he was arrested on December 14, 2009, and has been held in detention since that time.  Doc. 1, p. 2.  Petitioner states that this habeas action "does not challenge the validity of the removal order against

---

[1] The change of address advises that Petitioner was moved from Krome Processing Centre in Miami to the Baker County Jail.  Doc. 24.  Petitioner's reply, doc. 26, reveals that he has been returned to the Wakulla County Jail in Crawfordville, Florida.  Although he did not clearly file another change of address as instructed throughout this case, the Clerk has noted the new address on the docket.

him" but only his "continued detention by Respondent[s], who refuse to release him even thought [sic] they are unable to deport him and [will] be unable to deport him [in] the foreseeable future." *Id.*

Petitioner is a native and citizen of Nigeria. *Id.*, at 3. The order of removal was entered on June 29, 2010, and Petitioner appealed the order to the B.I.A. *Id.* The appeal was denied as well as his request for reconsideration, making the appeal not final until February 24, 2011. *Id.* Therefore, at the time this case was initiated on April 8, 2011, Petitioner had only been in detention *beyond* the final order of removal for less than two months.

**The Answer, doc. 23**

Petitioner was admitted into the United States in December of 1987 "as a non-immigrant visitor for pleasure for a temporary period of time not to exceed six months." Doc. 23, p. 1. Petitioner remained in the United States beyond the authorized time and, while here, committed several crimes. *Id.*, at 2. When Petitioner went to the U.S. Citizenship and Immigration Services Office in Jacksonville, Florida seeking immigration benefits, immigration officers took him into custody. *Id.*

Petitioner's initial immigration hearing before an Immigration Judge was January 4, 2010. *Id.* The Immigration Judge entered the removal order on June 29, 2010. *Id.* Petitioner timely appealed the removal decision on July 9, 2010, and the appeal was dismissed on November 8, 2010. *Id.*, at 2. Petitioner file a motion to reopen on December 10, 2010, and that motion was denied on February 16, 2011.

Throughout the period of detention, Petitioner has "openly stated that he would not cooperate with his removal and would rather die than return to Nigeria." *Id.*, at 3. At

various times, Respondents contend that Petitioner refused to cooperate with removal efforts.  *Id.*, at 2-3.  Indeed, Respondents submit that "Nigeria finally issued an emergency travel document for the Petitioner's removal on or about May 19, 2011."  *Id.*, at 3.  Petitioner was scheduled for a removal flight back to Nigeria on June 2, 2011.  *Id.*  On that day, "Petitioner acted on his prior threats and refused to board a commercial aircraft for his removal from the United States to Nigeria."  *Id.*  Thus, Petitioner remains in custody.  *Id.*

**Petitioner's Reply, doc. 26**

Petitioner contends that he has truthfully admitted he is "a national of the country to which ICE seeks to remove him" and there is "no allegation that he has provided false or misleading information, and where the alien has done whatever has been asked of him to facilitate his removal."  Doc. 26, p. 2.  Petitioner states that the contention that he "is not cooperating is meritless and provides no basis for the suspension of the removal period or Petitioner's continued unlawful detension [sic]."  *Id.*, at 4.  Petitioner does not mention his refusal to board the airplane to Nigeria on June 2, 2011.

**Analysis**

The Supreme Court held that an alien's post-removal-period detention is limited to "a period reasonably necessary to bring about that alien's removal from the United States."  Zadvydas v. Davis, 533 U.S. 678, 689, 121 S.Ct. 2491, 2498, 150 L.Ed.2d 653 (2001).  For the "sake of uniform administration in the federal courts," the Court held that six months is a presumptively reasonable period of time to detain an alien awaiting removal.  *Id.* at 701, 121 S.Ct. at 2505.  "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the

reasonably foreseeable future, the Government" may be called on "to rebut that showing." *Id.* at 701, 121 S.Ct. at 2505.  If the petition fails to show prolonged detention of at least six months, the petition may be dismissed.  Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) (holding that the "six-month period thus must have expired at the time [the]§ 2241 petition was filed in order to state a claim under Zadvydas.").  Here, Petitioner had only been in detention for *less than* two months *after* the removal order became final when he filed the § 2241 petition.  This case should be dismissed as premature.

However, it is more appropriate to dismiss this case because Petitioner has failed to make the showing as required under Zadvydas.  In Zadvydas, the Supreme Court held that after the presumptive six-month period, "the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.' "  Clark v. Martinez, 543 U.S. 371, 125 S.Ct. 716, 722, 160 L.Ed.2d 734 (2005), *quoting* Zadvydas, 533 U.S. at 701, 121 S.Ct. at 2505.  Under that clear language, Petitioner is *not* eligible for conditional release because he has not shown that removal is not foreseeable.  An affidavit provided with Respondent's answer demonstrates that travel documents were received by Nigeria and Petitioner was scheduled to return to his native country on June 2, 2011.  Doc. 23-1, p. 2.  Petitioner refused to board the aircraft and prevented his own removal.  *Id.*

Under 8 U.S.C. § 1231(a)(1)(A), the government has a 90-day period of time to remove an alien.  However, the removal period "shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents

necessary to the alien's departure or conspires *or acts to prevent the alien's removal* subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C) (emphasis added). Thus, the statute expressly permits an alien to be detained longer than the presumptive removal period where the alien acts or conspires to prevent his removal. Here, Petitioner's removal has been extended by Petitioner's own efforts.

In Sango-Dema v. District Director, I.N.S., 122 F.Supp.2d 213 (D. Mass. 2000),[2] the court denied habeas relief where the Petitioner was found to be "the cause for the long delay." The court concluded that "an alien cannot trigger [a constitutional right to be free from indefinite detention by the INS] with his outright refusal to cooperate with INS officials." Sango-Dema v. District Director, I.N.S., 122 F.Supp.2d at 221.

In Powell v. Ashcroft, 194 F.Supp.2d 209 (E.D. N.Y. 2002), a case decided in the wake of Zadvydas v. Davis, the court noted that Zadvydas was concerned with the constitutionality of § 1231(a)(6) where aliens were in " 'deportation limbo because their countries of origin had refused to allow [them] entrance.' " Powell, 194 F.Supp.2d at 211, *citing* Sango-Dema, 122 F.Supp.2d at 221 (explaining Zadvydas). Zadvydas is inapplicable because it was not concerned with tolling the removal period "during the time of an alien's non-cooperation." Powell, 194 F.Supp.2d at 212, *citing* Guner v. Reno, 2001 WL 940576 (S.D. N.Y. Aug. 20, 2001); *see also* Archibald v. I.N.S., 2002 WL 1434391, *8 (E.D. Pa. July 1, 2002) (finding the case factually distinguishable from *Zadvydas* where "Archibald's detention [was] a direct result of his seeking relief from deportation" and holding that because his indefinite detention was a result of his requesting a stay, he could not "be heard to complain[] that the time period during which

---

[2] This case was decided before Zadvydas.

he has been detained constitute[d] a denial of due process."); Thevarajah v. McElroy, 2002 WL 923914 (E.D. N.Y. Apr. 30, 2002) (holding that petitioner's nearly five years in the custody of INS was constitutional following *Zadvydas* because the continued detention was lengthened largely because of petitioner's own actions); *cf.* Seretse-Khama v. Ashcroft, 215 F.Supp.2d 37 (D. D.C. July 22, 2002) (rejecting respondent's argument that petitioner "has not cooperated in obtaining travel documents because he told Liberian officials that he did not want to return to Liberia" and noting that INS had not argued that "petitioner refused to request travel documents or refused to be interviewed by Liberian officials" and did not deny "his Liberian citizenship, or gave false or misleading information that impeded the issuance of travel documents."). In another case, Pelich v. I.N.S., 329 F.3d 1057 (9th Cir. 2003), the court found that petitioner's detention was "indefinite only because he refuse[d] to cooperate with the Immigration and Naturalization Service's ("INS") efforts to remove him." Pelich, 329 F.3d at 1057. In such circumstances, the court concluded that the petitioner had "no cause to complain" and the denial of his § 2241 habeas petition was affirmed. 329 F.3d at 1057-58.

In this case, Petitioner has failed to meet his burden under Zadvydas because after the presumptive six month removal period has expired, he cannot provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701, 121 S.Ct. at 2505. Petitioner is hindering his removal. His removal would have been carried out on June 2, 2011, had he cooperated and boarded the flight to Nigeria.

Accordingly, it is **RECOMMENDED** that the petition for a writ of habeas corpus, doc. 1, filed by Olopade Ola Oyeyemi pursuant to 28 U.S.C. § 2241, be **DENIED** because this petition was filed prematurely and because Petitioner has acted to prevent his removal from the United States.

**IN CHAMBERS** at Tallahassee, Florida, on June 30, 2011.


  S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**